E. GRADY JOLLY, Circuit Judge,
specially concurring:
I fully concur with the thorough and comprehensive opinion of Judge King. I specially concur, however, to underline the stubborn fact that the issue of whether a special relationship can be created between a school and its students has been before the en banc court three times and three times we have said the same thing. As this en banc court makes clear, the other two en banc cases, Walton v. Alexander, 44 F.3d 1297 (5th Cir.1995) (en banc), and Doe v. Hillsboro Independent School District, 113 F.3d 1412 (5th Cir. 1997) (en banc), were not only fully consistent with one another — and their authority undiminished before this en banc court occurred — but now the combined authority of all three en banc cases affirms and makes unambiguous the rule of this court to be: We “strictly” construe DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 199-200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), to hold that, “only when the state, by its affirmative exercise of power, has custody over an individual involuntarily or against his will, does a ‘special relationship’ exist between the individual and the state.” Walton, 44 F.3d at 1303 (emphasis in original). Walton and Hillsboro are not just clear, they are emphatically clear that a special relationship under DeShaney “only arises” between the state and an individual when the individual “is involuntarily confined or otherwise restrained against his will pursuant to a governmental order or by the affirmative exercise of state power”; it “does not arise solely because the state exercises custodial control over an individual.” Id. at 1299. When a person claiming the right of state protection is voluntarily within the care or custody of a state agency, such as a schoolchild who voluntarily subjects himself or herself “to the rules and supervision of [] School officials,” any “willful relinquishment of a small fraction of liberty simply is not comparable to that measure of almost total deprivation experienced by a prisoner or involuntarily committed mental patient.” Id. at 1305 (emphasis added). Expanding state liability for the acts of private persons can make constitutional sense only if the state has “effectively taken the plaintiffs liberty under terms that provide no realistic means of voluntarily terminating the state’s custody and which thus deprives the plaintiff of the ability or opportunity to provide for his own care and safety.” Id. (emphasis in original). There is no room — not an inch — for confusion. The law yesterday and today is bare and bald: No DeShaney special relationship exists between a public school and its students. Absent a special relationship, any analysis of the defendant’s conduct as deliberately indifferent to the rights of the student is, under DeShaney, irrelevant.
No further panel of this court should require us to iterate these clear statements of the law a fourth time.